STOKER, Judge.
Wilbert Trahan, the. plaintiff in this case, claims acquisitive prescription of a strip of land in Vermilion Parish and claims damages to the property caused by the defendant, John G. Broussard. The trial court found that the plaintiff had not established by a preponderance of evidence that his possession was adverse to that of the record owners and that there was a positive intention to take and commence possession of the property as owner. Trahan appeals.
The property in dispute, and which Wilbert Trahan (Trahan) claims by virtue of acquisitive prescription, is located in a one hundred and fifty-foot strip, the record title to which was held by Acadia Vermilion Rice Irrigation Company (AVRI). The strip of land runs in an east-west direction and formerly contained an irrigation canal with levees along its north and south sides. The property south of the strip was and is still owned by defendant-appellee, John G. Broussard (Broussard). AVRI appears to have ceased to operate the irrigation canal and sold the strip to Broussard. Thereafter Broussard filled in the canal utilizing the earth from the levees as fill.
Destruction of the north levee sparked the present controversy and litigation. In his petition as amended Trahan asserts that he acquired by adverse possession a portion of the former AVRI property by reason of having maintained a road over it for more than thirty years.
Mr. Trahan is the record owner of a tract of land described below and which is the property we have noted above as being immediately north of the one hundred and fifty-foot strip formerly owned by AVRI and which it sold to Broussard. Trahan’s title of record describes his lands as:
A certain tract or parcel of ground containing 8.5 acres more or less, situated in the Southern portion of the South Half of the Southeast Quarter of Section 6, Township 12 South, Range 2 East, and having a frontage on the public road of 2.015 chains, more or less, and being bounded, now or formerly NORTH by Tract Three (3) of the Partition of the Estate of Euphe Trahan; EAST by the public road; WEST by Oniel Abshire, and SOUTH BY AVRI Company Canal.
The AVRI strip purchased by Broussard is described as:
Such canal strip being designated as strip number 302 on the records of Aca *212 dia Vermilion Irrigation Company, Inc., and bordering the southern line of Section 6, Township 12 South, Range 2 East.
The relationship of the three immovable properties mentioned above is shown schematically below in map form which is not drawn to scale.

As will be noted, the canal strip is bordered on the east by a ¡h^blic road which is also the eastern boundary of the Trahan and Broussard tracts. In his petition as amended Trahan claims he has prescribed for property in the canal strip consisting of four and one-half acres, more or less, extending seventy-five feet, more or less, in width along the south boundary of the property he holds by record title and extending east and west a distance of 2,644 feet, more or less.
Trahan argues that Broussard damaged the property acquired by him through prescription by bulldozing down the levee to the north of the canal and scraping off the soil on the access road.
Trahan claims that he used the property in dispute as an access road which ran from the public road on the east to the rear of his property held by record title. Tra-han alleged and testified that his roadway extended to the north toe of the north levee. Thus it is apparent that Trahan believed that a strip of relatively level ground lay between the north toe of the north levee and the south boundary of the property he held. by record title. Other evidence indicated that the roadway, if in truth it could be called more than a trail, was on top of the levee. On the basis of the trial court’s ruling and our review of the record, the location of the road or trail would make little difference.
There is some confusion in this case which might lead one to believe that plaintiff contends that the roadway, or some part at least, was within the land covered by his title. However, the petition as amended clearly indicates that plaintiff contends that the roadway was located on land outside his title and that plaintiffs claim for the land and trespass damages is based on acquisitive prescription. Moreover, if the land in question was within his title, there would be no need for plaintiff to ground his action on prescription.
Although the trial court handed down written reasons for judgment, the trial court did not include any findings of fact in its reasons; the trial court confined itself to stating a conclusion. The trial court found that Trahan “failed to establish by a preponderance of evidence that his possession was adverse to the record owners and that there was a positive intention to take *213 and commence possession of the property.” The court did not indicate where it found the road in question was located.
From our review of the record we find that Mr. Trahan’s title extended to the toe of the levee north of the AVRI Company canal. Clarence Thibodeaux, a witness for the defense who was admitted as an expert surveyor and civil engineer, placed the boundary line at the toe of the levee. We accept his conclusion.
Mr. Trahan argues in his brief that the access road to the back part of his property was at the toe of the levee. If this is the case, the road would have been within Tra-han’s title which we do not find to be the case.
Although Trahan argues that his road was at the toe of the levee, evidence on this point is conflicting. Some of his witnesses said the road was on top of the levee, or on the side of the levee, or partially on the levee. Mr. Broussard testified that at one time there was a road at the toe of the levee, but when he bought the AVRI tract, the Trahans used a road on top of the levee. If the road was actually on the levee, it was on the Broussard-AVRI side of the property line established by Mr. Thi-bodeaux. We conclude that the road was on top of the levee.
We find that Mr. Trahan did not prescribe against the owners of the levee. We agree with the trial court that he did not prove that his possession was adverse to the record owners and that there was a positive intention to take and commence possession as owner. Since Trahan did not have title to the property, he could acquire it only by prescription of thirty years. One of the requirements for thirty-year prescription is that possession be unequivocal. LSA-C.C. 3500 (as it provided prior to the 1982 revision). A possession manifested only by passing over unfenced land is equivocal in the highest degree. Reymond v. City of Baton Rouge, 145 La. 162, 82 So. 75 (1919). Similarly, passing over a levee is equivocal. Driving over a levee does not interfere with its function as a levee. We conclude that Trahan’s use of the levee as a way for vehicles and farm equipment to reach the back part of his property was not adverse to its use as a levee.
We find that Trahan has failed to establish by a preponderance of evidence that Mr. Broussard has damaged his property. Mr. Trahan testified that contractors hired by Mr. Broussard excavated the road, but he was not clear in showing on photographs in evidence where the road had been damaged. Mr. Broussard testified that he instructed the contractors to excavate to the property line located by Mr. Thibodeaux, the surveyor. We find that only the land on the Broussard side of the property line was excavated or scraped in filling in the canal.
We agree with the trial court that plaintiff failed to prove his claim of acquisitive prescription of the access road or his claim for damages. Therefore, we affirm the trial court’s judgment and assess the costs of this appeal to plaintiff-appellant.
AFFIRMED.